IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICO GENE WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 19-CV-0530-GKF-FHM |
| | ) |
| JANET DOWLING, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Rico Gene Williams, a state inmate appearing through counsel, commenced this action on October 2, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus. Respondent moves to dismiss the petition as time-barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Having reviewed the petition (Dkt. 2), respondent's motion to dismiss (Dkt. 6) and brief in support (Dkt. 7), petitioner's response (Dkt. 8), and applicable law, the Court finds and concludes that respondent's motion shall be granted and that the petition shall be dismissed with prejudice as time-barred.[1]

**I.**

Petitioner brings this action to challenge the constitutional validity of the state-court judgment entered against him in the District Court of Tulsa County, Case No. CF-1996-2906. Dkt. 2, at 6.[2] In that case, a jury found petitioner guilty of first-degree murder (count 1) and shooting with intent to kill (count 2). *Id.* Petitioner was 16 years old when he committed these crimes. Dkt. 2-1, at 1. The trial court imposed a life sentence (count 1) and a 50-year prison term (count 2)

---

[1] Because the Court concludes that the petition should be dismissed, the Court denies as moot petitioner's request for an evidentiary hearing. Dkt. 2, at 1.

[2] For consistency, the Court's record citations refer to the CM/ECF pagination.

and ordered the sentences to be served consecutively. Dkt. 2, at 6.

Represented by counsel, petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), claiming that the trial court deprived him of his constitutional right to present a defense by limiting his cross-examination of the State's key witness and that the prosecutor's "repeated calls for him to explain the evidence against him" deprived him of his constitutional right to a fair trial. Dkt. 2, at 7; Dkt. 7-1, at 1. In an unpublished summary opinion filed February 19, 1999, in Case No. F-98-198, the OCCA rejected both claims and affirmed petitioner's judgments and sentences. Dkt. 7-1, at 1-2. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. 7, at 9.

Represented by counsel, petitioner filed an application for postconviction relief in the District Court of Tulsa County on June 21, 2000, claiming that he should have been permitted to seek certification as a youthful offender under a state law that became effective four days before his jury trial began. Dkt. 2, at 8. The district court denied the application on July 17, 2000, and the OCCA affirmed the denial of postconviction relief in an unpublished order filed August 21, 2001, in Case No. PC-2001-635. Dkt. 7, at 7.

Between 2010 and 2016, the United States Supreme Court issued a trilogy of cases addressing the constitutionality of sentencing juvenile offenders to life without parole—*Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). In the first two cases, the Supreme Court held that the Eighth Amendment prohibits imposing certain sentences on certain juvenile offenders. *See Miller*, 567 U.S. at 479 (holding Eighth Amendment "forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders"); *Graham*, 560 U.S. at 74 (holding Eighth Amendment "forbids the sentence of life without parole" "for a juvenile offender who did not

commit homicide"). In the third case, *Montgomery*, the Supreme Court explained that while *Miller* "did not foreclose a sentencer's ability to impose life without parole on a juvenile" who commits murder, it nevertheless prohibited that sentence for "all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." *Montgomery*, 136 S. Ct. at 726, 734. To determine which juvenile homicide offenders are permanently incorrigible, *Miller* "requires a sentencer to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence." *Montgomery*, 136 S. Ct. at 734. More importantly, for state prisoners who were sentenced as juveniles to a mandatory term of life without parole before *Miller* was decided, *Montgomery* held that *Miller* announced a substantive rule of constitutional law that states must apply on collateral review. *Montgomery*, 136 S. Ct. at 736. Further, while the Supreme Court left States free to decide how to implement *Miller*'s procedural component, the Supreme Court explained that "a State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing them." *Montgomery*, 136 S. Ct. at 736. The Supreme Court issued *Montgomery* on January 25, 2016. 136 S. Ct. at 718.

More than one year later, on August 28, 2017, petitioner, represented by the same counsel appearing in this habeas action, filed a second application for postconviction relief in the District Court of Tulsa County. Dkt. 7, at 7. In the second application, petitioner argued that "the combined length of his consecutive sentences constitute a *de facto* sentence of life without parole for crimes committed as a juvenile and thus, his sentences violate the United States and Oklahoma Constitutions' ban on cruel and unusual punishment." Dkt. 2-1, at 2. To support this claim, petitioner relied on *Graham*, *Miller*, and *Montgomery*, and three decisions applying these Supreme Court cases—*Budder v. Addison*, 851 F.3d 1047 (10th Cir. 2017), *Stevens v. State*, 422 P.3d 741

3

(Okla. Crim. App. 2018), and *Luna v. State*, 387 P.3d 956 (Okla. Crim. App. 2016). Dkt. 2-1, at 2. The district court denied petitioner's second application for postconviction relief on April 25, 2018, and the OCCA affirmed the denial of relief on June 19, 2019, in Case No. PC-2018-523. Dkt. 2-1, at 3; Dkt. 7, at 7.[3]

Petitioner, through counsel, filed the instant federal habeas petition on October 2, 2019. Dkt. 2, at 1. Petitioner seeks federal habeas relief on one ground: he claims that his consecutive sentences of life and 50 years' imprisonment violate the Eighth Amendment because he committed his crimes as a juvenile and his sentences, taken together, constitute a "de facto life without parole sentence." Dkt. 2, at 11. He argues that the OCCA's decision rejecting his Eighth Amendment claim "is not only erroneous but an objectively unreasonable determination of *Budder*, *Graham*, *Miller* and *Montgomery*." *Id.* at 13.

Respondent urges the Court to dismiss the habeas petition as time-barred under 28 U.S.C. § 2244(d)(1) because petitioner did not file the petition within one year of either (1) the date his state-court judgment became final or (2) the date the Supreme Court issued its decision in *Miller*. Dkts. 6, 7.

**II.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for federal habeas corpus petitions filed by state prisoners pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The one-year limitation period "run[s] from the latest of" one of four dates:

---

[3] Petitioner filed a writ of mandamus in the OCCA on April 12, 2018, seeking an order directing the state district court to rule on his second application for postconviction relief. Dkt. 7, at 7. On May 2, 2018, the OCCA directed the district court to file a response. Dkt. 2, at 8. The OCCA dismissed the petition as moot on June 6, 2018, citing the state district court's April 25, 2018, decision. *Id.*; Dkt. 7, at 7.

4

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of which provision governs the commencement date, the one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). But the application for postconviction relief or other collateral review has a tolling effect only if it is filed within the applicable one-year limitation period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in certain circumstances, toll the limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, the habeas petitioner bears the burden to demonstrate both (1) that he diligently pursued his federal claim and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

### III.

Respondent contends that the habeas petition is untimely under § 2244(d)(1)(A) and

§ 2244(d)(1)(C),[4] and that petitioner is not entitled to equitable tolling of the one-year limitation period. Dkt. 7, at 8-15. Though petitioner's arguments are not entirely clear, he appears to argue (1) the petition is timely under § 2244(d)(1)(C), with the benefit of statutory tolling, and, if the petition is untimely, (2) he is entitled to equitable tolling because the OCCA's rejection of his Eighth Amendment claim was objectively unreasonable. Dkt. 2, at 9-16; Dkt. 8, at 1-7.

For the reasons that follow, the Court agrees with respondent that the petition should be dismissed as time-barred.

**A.     The petition is untimely under § 2244(d)(1)(A).**

Petitioner does not appear to contest respondent's contention that the petition is untimely under § 2244(d)(1)(A), and the record clearly supports respondent's position. A state-court judgment becomes final, under § 2244(d)(1)(A), either at "the conclusion of direct review" or, if the petitioner does not seek direct review of the judgment, when the time expires for seeking direct review. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Here, petitioner filed a direct appeal in the OCCA but did not seek a writ of certiorari from the United States Supreme Court. His judgment therefore became final on May 20, 1999, 90 days after the OCCA affirmed his judgments and sentences. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that one-year limitation period commences under § 2244(d)(1)(A) after the time for filing a petition for writ of certiorari in the Supreme Court expires if the petitioner does not file a certiorari petition); Sup. Ct. R. 13.1 (providing 90-day period for filing petition for writ of certiorari in the Supreme Court). Petitioner's one-year limitation period commenced the next day, May 21, 1999, and, absent any

---

[4] Like respondent, the Court does not read petitioner's arguments, in either his petition or his response, as expressly seeking application of either § 2244(d)(1)(B) or § 2244(d)(1)(D). Dkt. 7, at 8 n.1. The Court will therefore consider only whether the petition is timely under § 2244(d)(1)(A) and § 2244(d)(1)(C).

statutory tolling events, expired on May 21, 2000. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that computation rules provided in Fed. R. Civ. P. 6 apply to calculation of AEDPA's one-year limitation period). Because petitioner filed both of his applications for postconviction relief after May 21, 2000, he is not entitled to statutory tolling for the time during which those applications were pending. *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. Petitioner's federal habeas petition, filed October 2, 2019, is therefore untimely under § 2244(d)(1)(A).

**B.      The petition is untimely under § 2244(d)(1)(C).**

Petitioner primarily contends that his petition is timely under § 2244(d)(1)(C). Under that provision, the one-year limitation period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Petitioner's arguments in support of applying § 2244(d)(1)(C) are not clear. In his petition, he asserts that his one-year limitation period "beg[a]n to run on November 27, 2017, the 'date on which the constitutional right asserted was initially recognized by the Supreme Court,['] thus with 365 days to bring a claim." Dkt. 2, at 10. In a footnote, he indicates that November 27, 2017, was the date the Tenth Circuit issued its decision in *Budder*. Dkt. 2, at 10 n.2. He then argues that he filed his application for postconviction relief "on August 28, 2017, prior to the [Tenth Circuit's] opinion in *Budder*," and the "OCCA did not affirm the denial of post-conviction relief until June 19, 2019." Dkt. 2, at 10. He also asserts that his petition is timely "where the [p]etitioner should be entitled to equitable tolling because of the Supreme Court's determination in *Montgomery*." Dkt. 2, at 9. In his response to the motion to dismiss, petitioner further states, "*Montgomery* which

7

the Supreme Court applied to *Miller* retroactively to cases on collateral review also announced a new rule of constitutional law" and he asserts "that *Montgomery* triggered the AEDPA." Dkt. 8, at 7.

As presented,[5] the Court understands petitioner's arguments as asserting that his petition is timely under § 2244(d)(1)(C), either (1) because, with the benefit of statutory tolling, he filed the petition within one year of the date that the Tenth Circuit issued its decision in *Budder*, or (2) because he filed the petition within one year of the date that the Supreme Court issued its decision in *Montgomery*. Both arguments fail.

First, as respondent argues, petitioner's reliance on the date that the Supreme Court issued *Montgomery* is misplaced because the one-year limitation period under § 2244(d)(1)(C) begins to run on the date the Supreme Court initially recognizes the constitutional right asserted, not the date the newly-recognized right is made retroactively applicable to cases on collateral review. Dkt. 7, at 10-13; *see Dodd v. United States*, 545 U.S. 353, 357 (2005). In *Dodd*, the Supreme Court considered when the one-year limitation period for filing a 28 U.S.C. § 2255 motion to vacate a sentence begins to run under § 2255, ¶ 6(3)—a provision nearly identical to § 2244(d)(1)(C).[6] *Dodd*, 545 U.S. at 356-57. The Supreme Court expressly rejected the argument that the one-year

---

[5] When a litigant appears pro se, a district court must liberally construe the litigant's pleadings, overlooking grammatical errors and confusion of legal theories, thereby holding the pro se litigant's pleadings to a less stringent standard than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But here, petitioner's pleadings were drafted by counsel and the rule of liberal construction does not apply. The Court therefore takes the arguments as they are presented, keeping in mind that in all civil proceedings "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

[6] The provision considered in *Dodd* is now found at 28 U.S.C. § 2255(f)(3) and, as before, provides that the one-year period for filing a motion to vacate sentence may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section 2244(d)(1)(C) differs from § 2253(f)(3) in that it requires the "right" initially recognized by the Supreme Court to be a "constitutional right."

limitation period "runs from the date on which the right asserted was made retroactively applicable." *Id.* at 357. Rather, the Supreme Court held, the plain language of the provision "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.* The Supreme Court recognized this interpretation of the statute created "the potential for harsh results in some cases," but reasoned that it was "not free to rewrite the statute that Congress has enacted." *Id.* at 359.

As previously stated, petitioner primarily relies on the substantive rule announced in *Miller*, and made retroactively applicable in *Montgomery*, to argue that his consecutive prison sentences of life with parole and 50 years' imprisonment, imposed for crimes he committed as a juvenile, violates the Eighth Amendment because, in his view, the sentence is equivalent to a sentence of life without parole. Given that petitioner is not serving a sentence of life without parole, it is not clear that he falls under the protection of *Miller*'s rule.[7] But even assuming *Miller* applies, the habeas petition is time-barred. Applying *Dodd*'s rationale, petitioner's one-year limitation period under § 2244(d)(1)(C) commenced on June 26, 2012, the day after *Miller* was

---

[7] Critically, the *Miller* Court addressed the constitutionality of a mandatory sentence of life without parole imposed against a juvenile homicide offender. Here, the trial court imposed a sentence of life with parole for petitioner's homicide offense, followed by a 50-year prison sentence for his nonhomicide offense. In denying petitioner's second postconviction appeal, the OCCA rejected petitioner's characterization of his sentence as a life-without-parole equivalent, finding that he is eligible to be considered for parole. Dkt. 2-1, at 2-3, 6-7. Petitioner acknowledges the possibility of parole by quoting a passage from the concurring opinion filed with the OCCA's decision and asserting that, contrary to the concurring judge's opinion, "neither of his sentences, in the aggregate nature, will be given a meaningful review by the Oklahoma Pardon and Parole Board because its considerations are not based upon demonstrated maturity and rehabilitation." Dkt. 8, at 6. Under these facts, even if petitioner could overcome the time-bar, he would be unlikely to prevail on the merits of his Eighth Amendment claim.

9

...

decided, and expired on June 26, 2013. *See Dodd*, 545 U.S. at 357. Petitioner did not file the instant federal habeas petition until October 2, 2019—over six years after his deadline expired. And he cannot benefit from statutory tolling for that one-year limitation period because he did not file either of his applications for postconviction relief within the one-year period following the *Miller* decision. 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. Thus, to the extent he relies *Montgomery* to show that his petition is timely under § 2244(d)(C)(1), he fails to overcome the time-bar.

Second, petitioner's argument that the Tenth Circuit's decision in *Budder*, which was issued on November 27, 2017, triggered his one-year limitation period and that the period was statutorily tolled between August 28, 2017, and June 19, 2019, while his second application for postconviction relief was pending, fails under the plain language of § 2244(d)(1)(C). As previously stated, that provision refers to "the date on which the constitutional right asserted was initially recognized by the *Supreme Court*, if the right has been newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C) (emphases added). As respondent argues, "[t]he mere fact that the Tenth Circuit applied clearly established Supreme Court law in deciding the merits of a habeas petition does not, *ipso facto*, make the Tenth Circuit's decision in *Budder* a triggering event under § 2244(d)(1)(C)." Dkt. 7, at 12-13 n.4. Stated another way, because petitioner's claim rests on the rule announced in *Miller*, he had one year from the date of that decision, not one year from the date of a Tenth Circuit decision applying *Miller*, to file a timely federal habeas petition under § 2244(d)(1)(C). Thus, to the extent petitioner relies on *Budder* to argue that his petition is timely under § 2244(d)(1)(C), he fails to overcome the time-bar.

**C.    Petitioner is not entitled to equitable tolling.**

Petitioner also seeks equitable tolling of the one-year limitation period, presumably in conjunction with his just-rejected arguments that one of two events triggered his one-year limitation period under § 2244(d)(1)(C). As previously stated, a petitioner who seeks equitable tolling must identify specific facts demonstrating (1) that he diligently pursued his federal habeas claims and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. *Yang*, 525 F.3d at 928.

Petitioner appears to assert that he is entitled to equitable tolling (1) because *Montgomery* supports his Eighth Amendment claim and "he was not aware of the Supreme Court's decision [in *Montgomery*] until the Oklahoma Court of Criminal Appeals opinion in *Luna v. State*, 2016 OK CR 27, 387 P.3d 956 issued December 2, 2016," and "[o]nce [p]etitioner learned of the Supreme Court's opinions, he did not idly standby but diligently pursued an application for post-conviction relief,"[8] Dkt. 2, at 9; Dkt. 8, at 4, (2) because the Tenth Circuit's decision in *Budder* "also established a substantive change in constitutional law that must be retroactively applied regardless if the offense is homicide or non-homicide," Dkt. 2, at 9, and (3) "because the OCCA's opinion cannot be afforded deference where the State Court opinion is not only erroneous but an objectively unreasonable determination of *Budder*, *Graham*, *Miller*, and *Montgomery*," Dkt. 2, at

---

[8] Petitioner does not expressly assert that his petition is timely under § 2244(d)(1)(D). However, assuming this argument is intended to support application of § 2244(d)(1)(D), this argument also fails. Section 2244(d)(1)(D) applies when a habeas petitioner, exercising reasonable diligence, discovers new facts to support a federal habeas claim, not when a habeas petitioner belatedly discovers previously-issued court decisions that might support a federal habeas claim. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (rejecting a habeas petitioner's argument that his petition was timely under § 2244(d)(1)(D) and reasoning that the petitioner's discovery of two favorable state-court decisions did not "alert[] [the petitioner] to any *factual* basis for his claim"). Thus, to the extent petitioner argues that his petition is timely under § 2244(d)(1)(D), he fails to demonstrate how this particular provision applies.

13. Petitioner further argues that "[e]xtraordinary circumstances should be considered anytime a State Court issues an opinion that violates § 2254(d),"[9] and a sentence that would violate the Eighth Amendment should be one of those rare and exceptional circumstances" warranting equitable tolling. Dkt. 8, at 5-6.

As respondent contends, none of these arguments demonstrates that petitioner pursued his Eighth Amendment claim with reasonable diligence or that extraordinary circumstances prevented him from filing a federal habeas petition within one-year of the *Miller* decision. Dkt. 7, at 14-15. Rather, these arguments essentially ask the Court to first determine that petitioner is entitled to federal habeas relief on the merits of his Eighth Amendment claim and to then determine that petitioner is therefore entitled to equitable tolling of the one-year statute of limitations. The Court agrees with respondent that petitioner's argument "employs a circular (and incorrect) logical sequence" and that petitioner's "suggestion that a habeas petitioner can bypass the time-bar by showing he satisfies § 2254(d) is nonsensical." Dkt. 7, at 15 n.7. There is no basis in the law for the backwards approach to the equitable tolling analysis that petitioner advances. And even a fair reading of his pleadings reveals no basis in the facts to support his request for equitable tolling. Consequently, petitioner has not shown that he is entitled to equitable tolling of the statute of limitations.

## IV.

Petitioner failed to comply with 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations when he filed the petition for writ of habeas corpus. And nothing in his pleadings supports his request for equitable tolling. The Court therefore grants respondent's motion to dismiss the

---

[9] Section 2254(d) provides the framework for a federal habeas court's review of federal claims adjudicated on the merits in state court. 28 U.S.C. § 2254(d)

12

petition for writ of habeas corpus and dismisses the petition, with prejudice, as time-barred. In light of the dismissal, the Court denies as moot petitioner's request for an evidentiary hearing. Additionally, because the Court finds that no reasonable jurists would debate the correctness of the Court's procedural ruling, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    **ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. 6) is **granted**.
2. The petition for writ of habeas corpus (Dkt. 2) is **dismissed with prejudice** as time-barred.
3. Petitioner's request for an evidentiary hearing is **denied as moot**.
4. A certificate of appealability is **denied**.
5. A separate judgment shall be issued in this matter.

    **DATED** this 8th day of July 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE